Dtckman, J.
The defendant in error, William Howard, was the owner of a mare and a horse, which on the night of July 2, 1875, escaped from an enclosed field into another field (of the same farm) which abutted on the railroad of the Pittsburgh, Cincinnati & St. Louis Railway Company, *7 plaintiff in error, and between which and the railroad, there was not a fence. From this field the animals strayed upon the railroad track, and the mare was killed, and the horse injured by a passing train. Suit was brought by the owner of the animals to recover for the injuries alleged to have been caused by the negligence of the company in not constructing a fence along the side of its track next to the farm, and in the management of one of its trains. A verdict was returned for the plaintiff; the defendant filed a motion for a new trial on the ground that the verdict was against the manifest weight of the evidence, which motion was overruled. To the overruling of such motion the defendant excepted, and judgment was entered on the verdict. Upon petition in error in the District Court, the judgment of the Court of Common Pleas was affirmed; and the plaintiff in error now asks that said judgment of the District Court and Court of Common Pleas may be reversed.
It was admitted by the plaintiff on the trial in the Court of Common Pleas, “ that there was no negligence in the running of the train, unconnected with the fact that the railroad was not fenced.” To meet the presumption of negligence from not fencing its track, it is contended by the plaintiff in error, that there was evidence on the trial before the jury sufficient to prove, that the mare killed was breachy, and that the owner had knowledge of that fact, and was therefore bound to restrain her, under all circumstances, within the enclosure from which she escaped, and having failed to do so, could not, by reason of contributory negligence, recover from the company.
By the Act of April 18, 1874, (71 Ohio L., 85, § 1; Rev. Stat. § 3324) the railroad company was required to construct a good and sufficient fence “to turn stock,” along the line of the road on both sides thereof, and is made liable for all damages sustained to property in any manner by reason of the want of any such fence. The term “ stock ” we are of opinion, should not be limited to embrace only such animals as are not breaehy or unruly, although, in restraining them, the owner may find it necessary to be *8 more careful than in restraining animals that are gentle and easily managed. Since the passage, however, of the Act of April 13, 1865, to restrain certain animals from running at large, (62 Ohio L., 185, § 1; Rev. Stat. § 4202) the benefit of the obligation imposed upon railroad companies to fence, can be claimed only b}r persons whose horses, cattle, &c., may be at large without the knowledge of the owners, and without their fault. The Statute makes it unlawful for any person, being the owner of horses, cattle, &c., to “ suffer the same to run at large” in any public road or highway, &c. “ To suffer such animals to run at large ” as construed by the Court in Marietta & Cincinnati R. R. Co., v. Stephenson & Brown, 24 Ohio St., 58, involves the element of willfulness or carelessness on the part of the owner, and the statute was not intended to impose upon him anything more than the duty to use reasonable care and precaution in restraiiring his animals upon his own premises. If the animals .are breachy or unruly, and are at large without the owners’ fault, and the owner has used that reasonable care and precaution in restraining them, which a prudent and cautious man would use who had knowledge of their breachy character, a railroad company that has neglected to fence its track as required by the statute, cannot be exempt from liability for injury in consequence thereof to such animals at large and upon its track.
All the evidence in reference to the owner’s knowledge of the habits of the animals,- and in regard to his acts for preventing their running at large and straying upon the railroad track, was considered and passed upon by the jury, and a verdict was rendered against the railroad company. Questions of negligence and contributory negligence are peculiarly questions for a jury, and it is only when a verdict is palpably against the evidence or against the decided weight of it, that courts are warranted in setting it aside in order to send the cause to another trial. Webb et al. v. The Protection Insurance Co., 6 Ohio, 456 ; Landis v. Kelly, 27 Ohio St. 571.
In the record of this case, there is no assignment of error *9 on the ground that the verdict was against the charge of the court, or that there was error in the charge. The presumption being that the jury followed the charge of the court, and the jury having better means of arriving at a knowledge of the facts than the imperfect medium of the written statement in a bill of exceptions, we are not prepared to hold, that their verdict was against the manifest weight of evidence, and that the court below erred in refusing a new trial. We think the District Court properly affirmed the judgment of the Court of Common Pleas.

Judgment Affirmed.